# EXHIBIT A

1  JAY S. ROTHMAN & ASSOCIATES
   JAY S. ROTHMAN, ESQ.
2  State Bar Number 49739
   21900 Burbank Blvd., Suite 210
3  Woodland Hills, California 91367
   Tel. (818) 986-7870
4  Fax  (818) 990-3019

5  Attorney for Plaintiff
   JIMMY PHU
6

7           SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              FOR THE COUNTY OF LOS ANGELES

9

10  JIMMY PHU,                          CASE NO.    BC 489655

11          Plaintiff,                  COMPLAINT FOR DAMAGES

12  vs.                                 1.   WRONGFUL TERMINATION IN
                                             VIOLATION OF PUBLIC POLICY
13  LUXOTTICA RETAIL NORTH                   (*Government Code* §12940, et seq.);
    AMERICA INC., an Ohio corporation; and
14  DOES 1 through 50, Inclusive,       2.   DISCRIMINATION BASED UPON
                                             DISABILITY / FAILURE TO
15                                           ACCOMMODATE / FAILURE TO
                                             ENGAGE IN THE INTERACTIVE
16          Defendants.                      PROCESS (*Government Code*
                                             §12940, et seq.);
17  _____ 3.   RETALIATION (*Government Code*
                                             §12940, et seq.);
18                                      4.   FAILURE TO TAKE ALL
                                             REASONABLE STEPS TO
19                                           PREVENT DISCRIMINATION and
                                             RETALIATION (*Government*
20                                           *Code* §12940, et seq.);
                                        5.   VIOLATION OF FAMILY AND
21                                           MEDICAL LEAVE ACT; and
                                        6.   INTENTIONAL INFLICTION OF
22                                           EMOTIONAL DISTRESS

23

24              **STATEMENT OF FACTS**

25       Plaintiff JIMMY PHU (hereinafter "plaintiff") was employed by defendant LUXOTTICA

26  RETAIL NORTH AMERICA INC., an Ohio corporation (hereinafter "defendant LUX

27  RETAIL"), since October 8, 2001.

28       Defendant LUX RETAIL operates the optical department in Target department stores.

                              1            COMPLAINT FOR DAMAGES

1   Beginning in 2007, plaintiff was assigned to the Target store located in Pasadena, California. In
2   his job, plaintiff assisted customers with their optical needs.
3          During his employment, plaintiff was a good employee. As such, the number of days and
4   hours he worked each week increased, along with his pay. He received good performance
5   reviews.
6          On October 15, 2010, plaintiff suffered a heart attack while at work. He was medically
7   treated on October 15, 16 and 17, 2010. He underwent surgery on October 18, 2010, wherein a
8   balloon was inserted into a heart valve. Plaintiff was rendered disabled, as that term is defined
9   by law, by his doctors, and placed off work. Plaintiff requested leave under the Family Medical
10  Leave Act ("FMLA") due to his own serious health condition; however, defendant LUX RETAIL
11  denied the request.
12         In November, 2010, plaintiff underwent another surgery for another heart valve. Again,
13  plaintiff's doctors rendered him disabled, as that term is defined by law. Plaintiff remained on
14  leave. While on leave, and until he returned to work the following year, he requested FMLA
15  leave due to his own serious health condition; however, defendant LUX RETAIL continued to
16  deny the request.
17         On October 25, 2011, plaintiff's doctor released him to return to work. Plaintiff called
18  his manager and informed his manager that he was released to return to work. His manager told
19  him to call the Regional Manager, Dreya Unlu. When he spoke with Dreya Unlu, he was told
20  that his position was filled and that defendant LUX RETAIL could only offer him "casual part-
21  time" work. Plaintiff then phoned Human Resources and left a message about his job. He
22  continued to phone defendant LUX RETAIL about returning to his position, but his calls were
23  ignored.
24         On December 27, 2011, Dreya Unlu left a message for plaintiff informing him that he had
25  been terminated. Plaintiff was terminated due to his disability and because he requested FMLA
26  leave. Defendant LUX RETAIL also terminated plaintiff so as to avoid engaging in the
27  interactive process and to avoid providing plaintiff with accommodations.
28         At all times during his employment, plaintiff informed defendant LUX RETAIL of his

1  disability. At no time did defendant LUX RETAIL ever accommodate plaintiff or engage in the

2  interactive process. It failed to determine if there was a vacant position that would accommodate

3  plaintiff.

4      Plaintiff filed a claim with the California Department of Fair Employment and Housing

5  ("DFEH"), pursuant to California *Government Code* §12965(b) and the California Fair

6  Employment and Housing Act ("FEHA"). Plaintiff filed such claim in a timely fashion and

7  received a "right-to-sue" letter. Attached as Exhibit A and incorporated herein by reference is

8  a true and correct copy of the claim against defendant and the "right-to-sue" letter received.

9                          <u>GENERAL ALLEGATIONS</u>

10      1.      This is a complaint by an individual for damages arising out of the outrageous,

11  oppressive and intrusive conduct of all defendants. Plaintiff seeks compensatory and punitive

12  damages.

13      2.      The true names and capacities of the defendants sued herein as DOES 1 through

14  50, inclusive, are unknown to plaintiff, who therefore sues these defendants by such fictitious

15  names. Plaintiff will ask leave of the Court to amend this Complaint to show their true names

16  and capacities when same have been ascertained. Plaintiff is informed and believes, and thereon

17  alleges, that each of the defendants, herein designated as a DOE, proximately caused the injuries

18  and damages to plaintiff as hereinafter alleged. (Defendant LUX RETAIL and DOES 1 through

19  50, inclusive, are collectively referred to as "defendants.")

20      3.      Plaintiff is informed and believes, and thereon alleges, that each of the defendants

21  designated herein as a DOE is legally responsible in some manner for the events and happenings

22  herein referred to, and negligently, wantonly, recklessly, tortiously and/or unlawfully proximately

23  caused the injuries and damages thereby to plaintiff as herein alleged.

24      4.      At all times mentioned herein, defendant LUX RETAIL was an employer located

25  at 4000 Luxottica Place, Mason, Ohio, 45040.

26      5.      At all times mentioned herein, defendant LUX RETAIL was authorized to do

27  business in California.

28      6.      At all times herein mentioned, DOES 1 through 50 were individuals in

1 | supervisory positions at defendant LUX RETAIL's place of employment and citizens of the State

2 | of California. At all times herein mentioned, DOES 1 through 50 were acting in the course and

3 | scope of their employment at defendant LUX RETAIL's place of employment.

4 |       7.    At all times herein mentioned, plaintiff was an individual who resided in the City

5 | of Rosemead, County of Los Angeles, State of California, and an employee of defendant LUX

6 | RETAIL and was and is a citizen of the State of California.

7 |       8.    The conduct complained of herein was ratified in the County of Los Angeles, State

8 | of California.

9

### FIRST CAUSE OF ACTION

### WRONGFUL TERMINATION

### IN VIOLATION OF PUBLIC POLICY

(*Government Code* §12940, et seq.)

**(Against Defendant LUX RETAIL and DOES 1-50)**

14 |       9.    The allegations of the Statement of Facts and preceding paragraphs are realleged

15 | and incorporated herein by reference except where to do so would be inconsistent with pleading

16 | a cause of action for Wrongful Termination in Violation of Public Policy.

17 |      10.    At all times relevant herein, defendants were employers as that term is defined in

18 | California *Government Code* §12926, et seq., and as such, were barred from discriminating in

19 | employment decisions.

20 |      11.    Plaintiff alleges that the terms and conditions of his employment and his

21 | termination was in violation of the public policy of the State of California which specifically

22 | prohibits defendants from discriminating against plaintiff on the basis of his disability. Plaintiff

23 | was disabled as that term is defined by the *Government Code* and a protected person. Defendants

24 | did discriminate against plaintiff on the basis of disability.

25 |      12.    Defendants violated that public policy by discriminating against and terminating

26 | plaintiff on the basis of his disability.

27 |      13.    The above acts of defendants constituted a wrongful termination of plaintiff and

28 | was in violation of public policy as described in paragraph 11 above. Such termination was a

4                           COMPLAINT FOR DAMAGES

1  substantial factor in causing damage and injury to plaintiff set forth below.

2      14.   As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably

3  suffered and continues to suffer substantial loss of earnings and employment benefits in an

4  amount according to proof at the time of trial.  Plaintiff claims such amount as damages together

5  with prejudgment interest pursuant to *Government Code* §12940, et seq., and/or any other

6  provision of law providing for prejudgment interest.

7      15.   Plaintiff further has incurred additional expenses in his efforts to regain

8  employment, all to his damage in an amount according to proof at the time of trial.

9      16.   As a direct and proximate result of the aforementioned wrongful conduct of

10  defendants, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future,

11  and other incidental and consequential damages in an amount according to proof at the time of

12  trial.

13      17.   Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in

14  order to enforce his rights and to obtain benefits due him, all to his further damage in an amount

15  according to proof.

16      18.   As a proximate result of the conduct complained of herein, plaintiff suffered and

17  continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe

18  shock to his nervous system, and thereby sustained serious injuries to his physical and mental

19  health, strength and activity, causing him extreme physical and emotional pain, all to his general

20  damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior

21  Court of the State of California.

22      19.   As a direct and proximate result of the aforementioned wrongful conduct of

23  defendants, plaintiff incurred medical expenses, the exact nature and extent of which are

24  unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in

25  this regard when the same have been ascertained.

26      20.   As a direct and proximate result of the aforementioned wrongful conduct of

27  defendants, plaintiff will be required to incur additional future medical expenses all to his further

28  damage in an amount to be proven at trial.

21.     Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants in an amount appropriate to punish and make an example of defendants.

Wherefore, plaintiff prays for judgment against defendants as hereinafter set forth.

## SECOND CAUSE OF ACTION

### DISCRIMINATION BASED UPON DISABILITY / FAILURE TO ACCOMMODATE / FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

(*Government Code* §12940, et seq.)

**(Against Defendant LUX RETAIL and DOES 1-50)**

22.     The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Discrimination Based Upon Disability / Failure to Accommodate / Failure to Engage in the Interactive Process.

23.     FEHA prohibits disability discrimination in employment.  Furthermore, under FEHA, defendant had an affirmative obligation to reasonably accommodate plaintiff, a disabled person. If defendant was unable to accommodate plaintiff, it was under an obligation to reassign plaintiff.  At all times, defendant was under an obligation to engage in an interactive process to discuss issues of accommodation and/or reassignment. FEHA additionally requires an employer which learns about discrimination to conduct an immediate and effective investigation and to provide remedies if needed.

24.     Plaintiff suffered from a disability and, as such, is a member of a class protected from disability discrimination under California law.

25.     When defendant engaged in the acts of discrimination alleged in this Complaint, they treated plaintiff adversely because of his disability.

26.     In doing the acts referenced above, defendant failed to accommodate plaintiff's disability and in doing so defendant violated its affirmative duty to plaintiff.

27.     As a proximate result of the aforesaid acts of defendant, plaintiff has foreseeably

1   suffered and continues to suffer substantial loss of earnings and employment benefits in an
2   amount according to proof at the time of trial. Plaintiff claims such amount as damages together
3   with prejudgment interest pursuant to *Government Code* § 12945, et seq., and/or any other
4   provision of law providing for prejudgment interest.

5       28.     Plaintiff further has incurred additional expenses in his efforts to regain
6   employment, all to his damage in an amount according to proof at the time of trial.

7       29.     As a direct and proximate result of the aforementioned wrongful conduct of
8   defendants, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future,
9   and other incidental and consequential damages in an amount according to proof at the time of
10  trial.

11      30.     Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in
12  order to enforce his rights and to obtain benefits due him, all to his further damage in an amount
13  according to proof.

14      31.     As a proximate result of the conduct complained of herein, plaintiff suffered and
15  continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe
16  shock to his nervous system, and thereby sustained serious injuries to his physical and mental
17  health, strength and activity, causing him extreme physical and emotional pain, all to his general
18  damage in such amount as may be proven. Said amount is within the jurisdiction of the Superior
19  Court of the State of California.

20      32.     As a direct and proximate result of the aforementioned wrongful conduct of
21  defendants, plaintiff incurred medical expenses, the exact nature and extent of which are
22  unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in
23  this regard when the same have been ascertained.

24      33.     As a direct and proximate result of the aforementioned wrongful conduct of
25  defendants, plaintiff will be required to incur additional future medical expenses all to his further
26  damage in an amount to be proven at trial.

27      34.     Because the acts taken toward plaintiff were carried out in a deliberate, cold,
28  callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the

7           COMPLAINT FOR DAMAGES

1    assessment of punitive damages against defendants in an amount appropriate to punish and make

2    an example of defendants.

3        Wherefore, plaintiff prays for judgment against defendants as hereinafter set forth.

4                              **THIRD CAUSE OF ACTION**

5                                    **RETALIATION**

6                              (*Government Code* §12940, et seq.)

7                      (Against Defendant LUX RETAIL and DOES 1-50)

8        35.    The allegations of the Statement of Facts and preceding paragraphs are realleged

9    and incorporated herein by reference except where to do so would be inconsistent with pleading

10   a cause of action for Retaliation.

11       36.    At all times relevant herein, defendants, and each of them, were employers as that

12   term is defined in California *Government Code* §12926, et seq., and as such, were barred from

13   retaliating in employment decisions.

14       37.    Plaintiff rejected illegal activity, i.e., discrimination.  When plaintiff rejected the

15   discrimination, he was engaged in a protected activity.

16       38.    After engaging in this protected activity, defendants, and each of them, engaged

17   in acts of retaliation as alleged in this complaint, including but not limited to terminating

18   plaintiff.

19       39.    In doing the acts referenced above, defendants violated their affirmative duty to

20   Plaintiff.

21       40.    The above acts of defendants and each of them caused Plaintiff severe emotional

22   distress, anxiety, sleeplessness, and were outrageous and beyond the scope of his employment.

23   As a direct, proximate and foreseeable result of the aforesaid conduct of the defendants, and each

24   of them, plaintiff has suffered damages and injuries set forth below.

25       41.    As a result of the aforesaid acts of defendants, plaintiff has become mentally

26   upset, distressed and aggravated.  Plaintiff claims general damages for such mental distress and

27   aggravation in an amount of which will be proven at time of trial.

28       42.    Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in

1 | order to enforce his rights and to obtain benefits due him, all to his further damage in an amount
2 | according to proof.

3 | 43.   As a proximate result of the conduct complained of herein, plaintiff suffered and
4 | continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe
5 | shock to his nervous system, and thereby sustained serious injuries to his physical and mental
6 | health, strength and activity, causing him extreme physical and emotional pain, all to his general
7 | damage in such amount as may be proven. Said amount is within the jurisdiction of the Superior
8 | Court of the State of California.

9 | 44.   As a direct and proximate result of the aforementioned wrongful conduct of
10 | defendants, and each of them, plaintiff incurred medical expenses, the exact nature and extent
11 | of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this
12 | complaint in this regard when the same have been ascertained.

13 | 45.   As a direct and proximate result of the aforementioned wrongful conduct of
14 | defendants, and each of them, plaintiff will be required to incur additional future medical
15 | expenses all to his further damage in an amount to be proven at trial.

16 | 46.   Because the acts taken toward plaintiff were carried out in a deliberate, cold,
17 | callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the
18 | assessment of punitive damages against defendants, and each of them, in an amount appropriate
19 | to punish and make an example of defendants.

20 | Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

21 | **FOURTH CAUSE OF ACTION**

22 | **FAILURE TO TAKE ALL REASONABLE STEPS**

23 | **TO PREVENT DISCRIMINATION AND RETALIATION**

24 | (*Government Code* §12940, et seq.)

25 | **(Against Defendant LUX RETAIL and DOES 1-50)**

26 | 47.   The allegations of the Statement of Facts and preceding paragraphs are realleged
27 | and incorporated herein by reference except where to do so would be inconsistent with pleading
28 | a cause of action for Failure to Take All Reasonable Steps to Prevent Discrimination and

COMPLAINT FOR DAMAGES

1    Retaliation.

2        48.    *Government Code* §12940 et seq., including but not limited to *Government Code*

3    §12940(j)(1), provides that it is an unlawful employment practice for an employer, because of

4    the person's disability, to discriminate against an employee and retaliate against him or her.  An

5    entity shall take all reasonable steps to prevent the discrimination and retaliation from occurring.

6        49.    The facts alleged in the Statement of Facts constitute violations of FEHA in that

7    defendants, and each of them, subjected plaintiff to discrimination.   Plaintiff alleges that

8    defendants' discrimination against plaintiff was an unlawful employment practice.  Defendants

9    also engaged in acts of retaliation as alleged in this complaint.  Defendants, and each of them,

10   failed to take all reasonable steps necessary to prevent discrimination and retaliation from

11   occurring in violation of *Government Code* §12940(j)(1) of the Fair Employment and Housing

12   Act.

13       50.    As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably

14   suffered and continues to suffer substantial loss of earnings and employment benefits in an

15   amount according to proof at the time of trial.  Plaintiff claims such amount as damages together

16   with prejudgment interest pursuant to *Government Code* §12945, et seq. and/or any other

17   provision of law providing for prejudgment interest.

18       51.    Plaintiff further has incurred additional expenses in his efforts to regain

19   employment, all to his damage in an amount according to proof at the time of trial.

20       52.    As a direct and proximate result of the aforementioned wrongful conduct of

21   defendants, and each of them, plaintiff will suffer additional loss of earnings,  reduced earning

22   capacity in the future, and other incidental and consequential damages in an amount according

23   to proof at the time of trial.

24       53.    Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in

25   order to enforce his rights and to obtain benefits due him, all to his further damage in an amount

26   according to proof.

27       54.    As a proximate result of the conduct complained of herein, plaintiff suffered and

28   continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe

COMPLAINT FOR DAMAGES

1   shock to his nervous system, and thereby sustained serious injuries to his physical and mental

2   health, strength and activity, causing him extreme physical and emotional pain, all to his general

3   damage in such amount as may be proven. Said amount is within the jurisdiction of the Superior

4   Court of the State of California.

5       55.  As a direct and proximate result of the aforementioned wrongful conduct of

6   defendants, and each of them, plaintiff incurred medical expenses, the exact nature and extent

7   of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this

8   complaint in this regard when the same have been ascertained.

9       56.  As a direct and proximate result of the aforementioned wrongful conduct of

10  defendants, and each of them, plaintiff will be required to incur additional future medical

11  expenses all to his further damage in an amount to be proven at trial.

12      57.  Because the acts taken toward plaintiff were carried out in a deliberate, cold,

13  callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the

14  assessment of punitive damages against defendants, and each of them, in an amount appropriate

15  to punish and make an example of defendants.

16      Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

17                      **FIFTH CAUSE OF ACTION**

18            **VIOLATION OF FAMILY AND MEDICAL LEAVE ACT**

19              **(Against Defendant LUX RETAIL and DOES 1-50)**

20      58.  The allegations of the Statement of Facts and preceding paragraphs are realleged

21  and incorporated herein by reference except where to do so would be inconsistent with pleading

22  a cause of action for Violation of Family and Medical Leave Act.

23      59.  The Family and Medical Leave Act (29 USC §2601, *et seq.*) requires that covered

24  employers grant an eligible employee up to a total of 12 workweeks of unpaid leave during any

25  12-month period for one or more of the following reasons: (a) for the birth and care of the

26  newborn child of the employee; (b) for placement with the employee of a son or daughter for

27  adoption or foster care; ( c) to care for an immediate family member (spouse, child, or parent)

28  with a serious health condition; or (d) to take medical leave when the employee is unable to work

1    because of a serious health condition.

2       60.    At all times mentioned herein, defendants were covered employers as that term
3    is defined by law, including but not limited to 29 USC §2611, et seq.

4       61.    At all times mentioned herein, plaintiff was an eligible employee as that term is
5    defined by law.  He had more than 12 months of service with defendant LUX RETAIL and
6    worked at least 1,250 hours for defendant LUX RETAIL during the 12 months prior to the
7    commencement of the leave.

8       62.    At all times mentioned herein, plaintiff suffered from a serious health condition.

9       63.    At all times mentioned herein, plaintiff qualified for and was entitled to leave
10   under the Family and Medical Leave Act because the Family and Medical Leave Act allows
11   plaintiff to take unpaid leave due to a serious health condition.  The Family and Medical Leave
12   Act allows plaintiff to take leave of up to 12 work weeks in a 12-month period. (29 USC §2612)
13   The leave does not need to be taken in one continuous period of time.  After requesting such
14   leave, defendant LUX RETAIL retaliated against plaintiff and terminating him.

15      64.    Defendant LUX RETAIL's actions constituted a violation of the Family and
16   Medical Leave Act, which mandates that employees be guaranteed a return to the same or
17   comparable position.

18      65.    As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably
19   suffered and continues to suffer substantial loss of earnings and employment benefits in an
20   amount according to proof at the time of trial.  Plaintiff claims such amount as damages together
21   with prejudgment interest.

22      66.    Plaintiff further has incurred additional expenses in his efforts to regain
23   employment, all to his damage in an amount according to proof at the time of trial.

24      67.    As a direct and proximate result of the aforementioned wrongful conduct of
25   defendants, and each of them, plaintiff will suffer additional loss of earnings, reduced earning
26   capacity in the future, and other incidental and consequential damages in an amount according
27   to proof at the time of trial.

28      68.    Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in

                                        12         COMPLAINT FOR DAMAGES

1   order to enforce his rights and to obtain benefits due him, all to his further damage in an amount

2   according to proof.

3       69.     As a proximate result of the conduct complained of herein, plaintiff suffered and

4   sustained serious injuries to his physical health, strength and activity, causing him extreme

5   physical pain, all to his general damage in such amount as may be proven. Said amount is within

6   the jurisdiction of the Superior Court of the State of California.

7       70.     As a direct and proximate result of the aforementioned wrongful conduct of

8   defendants, and each of them, plaintiff incurred medical expenses, the exact nature and extent

9   of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this

10  complaint in this regard when the same have been ascertained.

11      71.     As a direct and proximate result of the aforementioned wrongful conduct of

12  defendants, and each of them, plaintiff will be required to incur additional future medical

13  expenses all to his further damage in an amount to be proven at trial.

14      72.     Because the acts taken toward plaintiff were carried out in a deliberate, cold,

15  callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the

16  assessment of punitive damages against defendants, and each of them, in an amount appropriate

17  to punish and make an example of defendants.

18      73.     Plaintiff requests interest pursuant to 29 USC §2617, et seq.

19      74.     Plaintiff requests liquidated damages pursuant to 29 USC §2617, et seq.

20  Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

21                       **SIXTH CAUSE OF ACTION**

22        **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

23            **(Against Defendant LUX RETAIL and DOES 1-50)**

24      75.     The allegations of the Statement of Facts and preceding paragraphs are realleged

25  and incorporated herein by reference except where to do so would be inconsistent with pleading

26  a cause of action for Intentional Infliction of Emotional Distress.

27      76.     As set forth in the Statement of Facts above, plaintiff was discriminated and

28  retaliated against.

77.   These things bothered plaintiff and plaintiff.

78.   He also requested leave pursuant to the FMLA. Plaintiff was fired on December 27, 2011 for being disabled and requesting FMLA leave.

79.   Plaintiff had been an outstanding employee.

80.   The acts described in this complaint, specifically in the Statement of Facts, constitute outrageous conduct by defendants. Defendant LUX RETAIL's ratification of said acts is also outrageous. When defendants did the acts described in this complaint, they did such acts deliberately and intentionally to cause plaintiff severe emotional distress. Defendants' conduct in confirming and ratifying that conduct was done with knowledge that plaintiff's distress would thereby increase, and was done with wanton and reckless disregard of the probability of causing plaintiff emotional distress.

81.   The above acts of defendants and each of them caused plaintiff severe emotional distress, anxiety, sleeplessness, and were outrageous and beyond the scope of his employment. As a direct, proximate and foreseeable result of the aforesaid conduct of the defendants, and each of them, plaintiff has suffered damages and injuries set forth below.

82.   As a result of the aforesaid acts of defendants, plaintiff has become mentally upset, distressed and aggravated. Plaintiff claims general damages for such mental distress and aggravation in an amount of which will be proven at time of trial.

83.   As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven. Said amount is within the jurisdiction of the Superior Court of the State of California.

84.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

85.     As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will be required to incur additional future medical expenses all to his further damage in an amount to be proven at trial.

86.     Because the acts taken toward plaintiff were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants, and each of them, in an amount appropriate to punish and make an example of defendants.

Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

## PRAYER

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1.     For compensatory damages including losses arising from mental and emotional distress and other special and general damages, as allowed by law, for an amount in excess of $50,000.00 and according to proof at trial;

2.     For an award of punitive damages as allowed by law;

3.     For medical and related expenses, as allowed by law, for an amount in excess of $50,000.00 and according to proof at trial;

4.     For lost earnings and related expenses, as allowed by law, for an amount in excess of $50,000.00 and according to proof at trial;

5.     For attorneys' fees and costs, as allowed by law;

6.     For prejudgment interest on all amounts claimed, as permitted by law (29 USC §2617);

7.     For liquidated damages as permitted by law (29 USC §2617); and

8.     For such other and further relief as the Court deems just and proper.

DATED:     July 31, 2012                JAY S. ROTHMAN & ASSOCIATES


_____
JAY S. ROTHMAN
Attorney for Plaintiff
JIMMY PHU

EXHIBIT "A"

EXHIBIT "A"

\*\*\* EMPLOYMENT \*\*\*E 201213 H-0041-00-fprc

**COMPLAINT OF DISCRIMINATION**
**THE PROVISIONS OF THE CALIFORNIA**
**FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # _____

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)                    TELEPHONE NUMBER (INCLUDE AREA CODE)
Jimmy Phu                                          1-818-986-7870

ADDRESS
c/o Jay S. Rothman & Associates, 21900 Burbank Boulevard, Suite 210

CITY/STATE/ZIP                    COUNTY                    COUNTY CODE
Woodland Hills, CA 91364          Los Angeles

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE,
OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME                                               TELEPHONE NUMBER (Include Area Code)
Lux Retail North America, Inc.

                                                                                   DFEH USE ONLY
ADDRESS
4000 Luxottica Place                    COUNTY                    COUNTY CODE

CITY/STATE/ZIP                                                    RESPONDENT CODE
Mason, Ohio 45040

NO. OF EMPLOYEES/MEMBERS (if known)    DATE MOST RECENT OR CONTINUING DISCRIMINATION
                                       TOOK PLACE (month, day, and year)   12/27/2011
100's

THE PARTICULARS ARE:

I allege on 12/27/2011, the
following conduct occurred:

| | | |
|---|---|---|
| X terminated | X denial of employment | X denial of family or medical leave |
| laid off | denial of promotion | denial of pregnancy leave. |
| demoted | denial of transfer | denial of equal pay |
| harassed | X denial of accommodation | denial of right to wear pants |
| genetic characteristics | X failure to prevent discrimination or | denial of pregnancy accommodation |
| testing | retaliation | |
| constructive discharge | X retaliation | |
| (forced to quit) | other (specify) _____ | |
| impermissible non-job | | |
| related injury | | |

by _____ **Dreya Uniu - Regional Manager** _____
        Name of Person          Job Title (supervisor/manager/personnel director/etc.)

because of :

| | | | |
|---|---|---|---|
| sex | national origin/ancestry | X disability ( physical or mental) | X retaliation for engaging in protected activity or requesting a protected leave or accommodation |
| age | marital status | medical condition (cancer or genetic characteristic) | |
| religion | sexual orientation | other (specify) _____ | |
| race/color | association | | |

State what you
believe to be the
reason(s) for
discrimination

I had a heart attack. When I was ready to return, I was not put on the schedule and was fired. I worked 10 years.

When I was originally put out, I was not put out on FMLA.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I
understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a
complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is
earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the
Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the
basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except
as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  7/6/12

At  Woodland Hills
        City

COMPLAINANT'S SIGNATURE
Jay S. Rothman for

DATE FILED:



DFEH-300-03 (04/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

STATE OF CALIFORNIA | State and Consumer Services Agency GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
(800) 884-1684 | Videophone for the DEAF (916) 226-5285                                    DIRECTOR PHYLLIS W. CHENG
TTY: (800) 700-2320|www.dfeh.ca.gov |email: contact.center@dfeh.ca.gov

July 10, 2012

JIMMY PHU
21900 Burbank Blvd Suite 210
Woodland Hills, CA  91364

RE:   E201213H0041-00-fprc
      PHU/LUX RETAIL NORTH AMERICA INC.

Dear JIMMY PHU:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
July 10, 2012 because an immediate right-to-sue notice was requested.  DFEH will
take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint.  The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

| HEADQUARTERS | BAKERSFIELD | FRESNO | LOS ANGELES | OAKLAND | SAN JOSE |
|---|---|---|---|---|---|
| 2218 Kausen Drive | 4800 Stockdale Highway | 1277 E. Alluvial Avenue | 1055 West 7th Street | 1515 Clay Street | 2570 N. First Street |
| Suite 100 | Suite 215 | Suite 101 | Suite 1400 | Suite 701 | Suite 480 |
| Elk Grove, CA  95758 | Bakersfield, CA  93309 | Fresno, CA  93720 | Los Angeles, CA  90017 | Oakland, CA  94612 | San Jose, CA  95131 |
| (916) 478-7251 | (661) 395-2729 | (559) 244-4760 | (213) 439-6799 | (510) 622-2941 | (408) 325-0344 |

EXHIBIT B

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LUXOTTICA RETAIL NORTH AMERICA INC., an Ohio corporation;
and DOES 1 through 50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JIMMY PHU

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

AUG 0 3 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* LOS ANGELES SUPERIOR COURT | *(Número del Caso):* **BC 489655** |

111 North Hill Street
Los Angeles, CA  90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAY S. ROTHMAN & ASSOCIATES, 21900 Burbank Blvd., Suite 210, Woodland Hills, California 91367

| DATE: *(Fecha)* | **John A. Clarke** | Clerk, by *(Secretario)* _____ | , Deputy |
|---|---|---|---|
| | | **GINA GRIDER** | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

AUG 0 3 2012

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JAY S. ROTHMAN , ATTORNEY (SBN.49739) <br> JAY S. ROTHMAN AND ASSOCIATES <br> 21900 BURBANK BLVD., SUITE 210 <br> WOODLAND HILLS, CA 91367 <br> TELEPHONE NO.: 818/986-7870   FAX NO.: 818/990-3019 <br> ATTORNEY FOR *(Name):* PLAINTIFF, JIMMY PHU | **FILED** <br> SUPERIOR COURT OF CALIFORNIA <br> COUNTY OF LOS ANGELES <br><br> AUG 03 2012 <br><br> JOHN A CLARKE, EXECUTIVE OFFICER/CLERK <br> BY _____ Deputy <br> diho Grider |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
**PHU v. Luxottica Retail**

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | ☐ Limited <br> (Amount <br> demanded is <br> $25,000 or less) | ☐ Counter   ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | **BC 489655** <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation <br> (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) <br> ☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06) <br> ☐ Rule 3.740 collections (09) <br> ☐ Other collections (09) <br> ☐ Insurance coverage (18) <br> ☐ Other contract (37) | ☐ Antitrust/Trade regulation (03) <br> ☐ Construction defect (10) <br> ☐ Mass tort (40) <br> ☐ Securities litigation (28) <br> ☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** <br> ☐ Asbestos (04) <br> ☐ Product liability (24) <br> ☐ Medical malpractice (45) <br> ☐ Other PI/PD/WD (23) | **Real Property** <br> ☐ Eminent domain/Inverse condemnation (14) <br> ☐ Wrongful eviction (33) <br> ☐ Other real property (26) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) <br> **Enforcement of Judgment** <br> ☐ Enforcement of judgment (20) |
| **Non-PI/PD/WD (Other) Tort** <br> ☐ Business tort/unfair business practice (07) <br> ☐ Civil rights (08) <br> ☐ Defamation (13) <br> ☐ Fraud (16) <br> ☐ Intellectual property (19) <br> ☐ Professional negligence (25) <br> ☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer** <br> ☐ Commercial (31) <br> ☐ Residential (32) <br> ☐ Drugs (38) <br> **Judicial Review** <br> ☐ Asset forfeiture (05) <br> ☐ Petition re: arbitration award (11) <br> ☐ Writ of mandate (02) <br> ☐ Other judicial review (39) | **Miscellaneous Civil Complaint** <br> ☐ RICO (27) <br> ☐ Other complaint *(not specified above)* (42) <br> **Miscellaneous Civil Petition** <br> ☐ Partnership and corporate governance (21) <br> ☐ Other petition *(not specified above)* (43) |
| **Employment** <br> ☑ Wrongful termination (36) <br> ☐ Other employment (15) | | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 6(SIX)
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 31, 2012

JAY S. ROTHMAN , ATTORNEY
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

| SHORT TITLE: PHU V LUXOTTICA | CASE NUMBER BC 489655 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10  ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps -- If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| LACIV 109 (Rev. 03/11) LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION | Local Rule 2.0 Page 1 of 4 |
|---|---|---|

| SHORT TITLE: PHU V LUXOTTICA | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., ✗ |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: PHU V LUXOTTICA | CASE NUMBER |
| --- | --- |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| PHU V LUXOTTICA | |

Item III. *Statement of Location*: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| PASADENA | CA | 91107 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the STANLEY MOSK _____ courthouse in the CENTRAL _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: JULY 31/2012 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

# EXHIBIT C

NOTICE SENT TO:

Jay S. Rothman & Associates
21900 Burbank Blvd,. Ste. 210
Woodland Hills,     CA  91367

FILED
LOS ANGELES SUPERIOR COURT

AUG - 8 2012

JOHN A. CLARKE, CLERK
BY GERALD MAC, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

JIMMY PHU

Plaintiff(s),

VS.

LUXOTTICA RETAIL NORTH AMERICA INC
Defendant(s).

| CASE NUMBER |
| --- |
| BC489655 |

**ORDER TO SHOW CAUSE HEARING**

useJ
To the party/attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on October 5, 2012 at 8:30 am in Dept. 69 of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

**Failure to file Proof of Service of [ ] Petition [ ] Summons and [ ] Complaint [ ] Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to:**

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[ ] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [ ] Clerk's Office, Room _____ at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[ ] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated: August 8, 2012

Judicial Officer

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: August 8, 2012

John A. Clarke, EXECUTIVE OFFICER/CLERK

By_____, Deputy Clerk

### ORDER TO SHOW CAUSE HEARING

LACIV 166-1 (Rev. 09/08)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30

# EXHIBIT D

NOTICE SENT TO:

Jay S. Rothman & Associates
21900 Burbank Blvd,. Ste. 210
Woodland Hills,        CA   91367

**FILED**
LOS ANGELES SUPERIOR COURT

AUG - 8 2012

JOHN A. CLARKE, CLERK
BY GERALD MAC~ DEPUTY

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| JIMMY PHU | CASE NUMBER |
| Plaintiff(s), | BC489655 |
| VS. | |
| LUXOTTICA RETAIL NORTH AMERICA INC | **NOTICE OF CASE MANAGEMENT CONFERENCE** |
| Defendant(s). | |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for <u>December 4, 2012</u> at <u>8:31 am</u> in <u>Dept. 69</u> at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: <u>August 8, 2012</u>

Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: <u>August 8, 2012</u>                                                John A. Clarke, Executive Officer/Clerk

                                                            by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)                                                      Cal. Rules of Court, rule 3.720-3.730
LASC Approved 10-03                                                         LASC Local Rules, Chapter Seven

EXHIBIT E

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | FOR COURT USE ONLY |
|---|---|
| Jay Rothman  (49739)<br>21900 Burbank Blvd # 210<br>Woodland Hills, CA 91367<br><br>TELEPHONE NO.: (818) 986-7870<br><br>ATTORNEY FOR: Plaintiff | *FILED*<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>AUG 14 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____<br>Mary Flores , Deputy |

SUPERIOR COURT, COUNTY OF LOS ANGELES
  STREET ADDRESS: 111 N HILL
  MAILING ADDRESS: 111 N HILL
  CITY AND ZIP CODE: LOS ANGELES, 90012
  BRANCH NAME: CENTRAL CIVIL DISTRICT

| PLAINTIFF: JIMMY PHU | CASE NUMBER: |
|---|---|
| DEFENDANT: LUXOTICA RETAIL NORTH AMERICA INC., AN OHIO CORPORATION | BC489655   D-b 9 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:
    f.  other (specify documents):
        SUMMONS, COMPLAINT, CIVIL CASE COVER SHEET, CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF
        LOCATION, NOTICE OF CASE ASSIGNMENT,  ADR PACKAGE, STIPULATION TO PARTICIPATE IN ADR, EXHIBITS

3.  a.  Party served:
        ~~LUXOTICA~~ Luxottica RETAIL NORTH AMERICA INC., AN OHIO CORPORATION
    b.  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
        under item 5b on whom substituted service was made):
        DENA LAPORTE of National Registered Agents, Inc. / REGISTERED AGENT FOR SERVICE OF PROCESS

4.  Address where the party was served:
    2875 MICHELLE DRIVE #100, IRVINE, CA 92606

5.  I served the party
    a.  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive
        service of process for the party on 8/10/2012 at 1:10 pm
        Description: Age: 25, Sex: F, Race/Skin Color: Caucasian, Height: 5'4, Weight: 100, Hair: Brown, Glasses: N

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    d.  On behalf of: LUXOTICA RETAIL NORTH AMERICA INC., AN OHIO CORPORATION
        under the following Code of Civil Procedure section:
            416.10 (corporation)

7.  **Person who served papers**
    a.  Name: Carlos Abrego
        Firm: C.A. PROCESS SERVICE
    b.  Address: 14800 Rinaldi St #24, Mission Hills, CA 91345
    c.  Telephone number: (866) 491-3499
    d.  The fee for the service was: $55.00
    e.  I am:
        (3)  a registered California process server:
             (i)  owner
             (ii) Registration No.: 6456
             (iii) County: Los Angeles

Judicial Council of California
POS-010 (Rev. January 1, 2007)
Form adopted by rule 982.9

**PROOF OF SERVICE OF SUMMONS**          Job Number CRA-2012001548

| PLAINTIFF: JIMMY PHU | CASE NUMBER: |
|---|---|
| DEFENDANT: LUXOTICA RETAIL NORTH AMERICA INC., AN OHIO CORPORATION | BC489655 |

8.   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   8/12/12

Carlos Abrego
(NAME OF PERSON WHO SERVED PAPERS)

_____
(SIGNATURE)

Judicial Council of California
POS-010 [Rev. January 1, 2007]
Form adopted by rule 982.9

**PROOF OF SERVICE OF SUMMONS**

Job Number CRA-2012001548

EXHIBIT F

1  SCOTT M. LIDMAN, Bar No. 199433
   MAGGY M. ATHANASIOUS, Bar No. 252137
2  LITTLER MENDELSON, P.C.
   2049 Century Park East
3  5th Floor
   Los Angeles, CA 90067.3107
4  Telephone:   310.553.0308
   Fax No.:     310.553.5583
5
6  Attorneys for Defendant
   LUXOTTICA RETAIL NORTH AMERICA INC.
7

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 05 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
    SHAUNYA WESLEY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10  JIMMY PHU,                          Case No. BC489655

11              Plaintiff,              ASSIGNED FOR ALL PURPOSES TO
                                        JUDGE RAMONA SEE, DEPT. 69
12       v.
                                        DEFENDANT LUXOTTICA RETAIL
13  LUXOTTICA RETAIL NORTH              NORTH AMERICA INC.'S ANSWER TO
    AMERICA, INC., an Ohio corporation; PLAINTIFF'S UNVERIFIED COMPLAINT
14  and DOES 1 through 50, Inclusive,   FOR DAMAGES

15              Defendants.
                                        Trial Date:  Not Set
16                                      Complaint Filed:  August 3, 2012

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

1    COMES NOW Defendant LUXOTTICA RETAIL NORTH AMERICA INC. ("Defendant"),

2  answering on behalf of itself and for no other defendant, the unverified Complaint of Plaintiff Jimmy

3  Phu ("Plaintiff") as follows:

4    **GENERAL DENIAL**

5    Pursuant to section 431.30 of the California Code of Civil Procedures, Defendant generally

6  and specifically denies each and every material allegation contained in Plaintiff's unverified

7  Complaint. Defendant further denies that Plaintiff has been damaged in any sum, or at all.

8    **AFFIRMATIVE DEFENSES**

9    Defendant further asserts the following affirmative defenses. By asserting these defenses,

10  Defendant does not concede that it has the burden of production or proof as to any affirmative

11  defense asserted below. Further, Defendant does not presently know all of the facts concerning the

12  conduct of Plaintiff sufficient to state all affirmative defenses at this time. Defendant is informed

13  and believes that a reasonable opportunity for investigation and discovery will reveal facts in support

14  of the following affirmative defenses.

15    **FIRST SEPARATE AND AFFIRMATIVE DEFENSE**

16    **(Arbitration)**

17    1.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint

18  and each cause of action therein are barred and are subject to arbitration because Plaintiff was and is

19  subject to an enforceable and binding arbitration policy/agreement encompassing all of the causes of

20  action alleged in the Complaint.

21    **SECOND SEPARATE AND AFFIRMATIVE DEFENSE**

22    **(Laches)**

23    2.    As a separate and distinct affirmative defense, Defendant is informed and believes

24  that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges,

25  that Plaintiff's Complaint and each cause of action alleged therein are barred, in whole or in part, by

26  the doctrine of laches.

27

28

1.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

### (Estoppel)

3.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint and each cause of action alleged therein are barred, in whole or in part, by the doctrine of estoppel.

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Unclean Hands)

4.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint and each cause of action alleged therein are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Consent)

5.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint and each cause of action alleged therein are barred, in whole or in part, by the doctrine of consent.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Waiver)

6.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of waiver.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Statutes Of Limitation)

7.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and/or each and/or some of the causes of action alleged therein, cannot be maintained against it

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

1  insofar as they are barred, in whole or in part, by the applicable statutes of limitation, including, but

2  not limited to, under the Family and Medical Leave Act, 29 U.S.C. 2617(c), California Code of Civil

3  Procedure sections 335.1, 337, 338(a) and 339, and California Government Code section 12960(d)

4  and 12965(b).

5  ### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

6  #### (After-Acquired Evidence)

7         8.    As a separate and distinct affirmative defense, Defendant is informed and believes

8  that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges,

9  that to the extent that during the course of this litigation it acquires any evidence of additional

10  wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions

11  of Plaintiff's employment or would have resulted in Plaintiff either not being hired, being demoted,

12  disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claim on liability or

13  damages or shall reduce such claim as provided by law.

14  ### NINTH SEPARATE AND AFFIRMATIVE DEFENSE

15  #### (Failure To Exhaust Administrative Remedies)

16         9.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint,

17  and each cause of action alleged therein, cannot be maintained to the extent that Plaintiff failed to

18  timely invoke and/or exhaust remedies available to him under the California Fair Employment and

19  Housing Act, California Government Code section 12900 *et seq.*

20  ### TENTH SEPARATE AND AFFIRMATIVE DEFENSE

21  #### (At-Will Employment)

22        10.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

23  contractual claims cannot be maintained against it because Plaintiff was at all relevant times an at-

24  will employee with no entitlement to continued employment pursuant to Section 2922 of the

25  California Labor Code.

26  ### ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

27  #### (Avoidable Consequences)

28        11.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

claims for damages are barred by the doctrine of avoidable consequences because Defendant (a) maintained an anti-discrimination policy and/or open door policies with a complaint procedures; and (b) Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise. *State Dep't of Health Servs. v. Superior Court (McGinnis)*, 31 Cal.4th 1026 (2003).

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons/Good Cause)

12.    As a separate and distinct affirmative defense, Defendant alleges that the conduct towards Plaintiff by Defendant and/or its representatives was undertaken with good cause by reason of business necessity and/or for lawful non-discriminatory and/or non-retaliatory reasons.

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Good Faith)

13.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred because Defendant actions and/or omissions were done reasonably and in good faith, at all times, based upon all relevant facts and circumstances known by Defendant at the time it acted.

## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Outside Course And Scope)

14.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against them because, to the extent any employee engaged in any unlawful conduct, such conduct was committed outside the course and scope of such employee's employment, was not authorized, adopted or ratified by Defendant and/or Defendant did not know nor should it have known of such conduct.

## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Contributory Negligence)

15.    As a separate and affirmative defense, Defendant alleges that Plaintiff failed to exercise reasonable and ordinary care, caution and/or prudence and the alleged injuries and damages, if any were suffered, were proximately caused and/or contributed to by Plaintiff's own negligent

ITLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA  90067.3107
310.553.0308

4.

1    and/or intentional conduct and any recovery to which Plaintiff might be entitled must be reduced by

2    reason of Plaintiff's contributory and/or comparative negligence.

3                    SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

4                            (No Reasonable Accommodation)

5            16.    As a separate and affirmative defense, Defendant alleges that the Complaint and each

6    cause of action set forth therein is barred because, to the extent that the Court may find that Plaintiff

7    does have a disability that limits a major life activity and that Defendant had an obligation to

8    reasonably accommodate such a disability, no reasonable accommodation existed which would have

9    permitted Plaintiff to perform the essential functions of her position.

10                  SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

11                               (Undue Hardship)

12           17.    As a separate and affirmative defense, Defendant alleges that the Complaint and each

13   cause of action set forth therein is barred because, to the extent that the Court may find that Plaintiff

14   does have a disability that limits a major life activity and that Defendant had an obligation to

15   reasonably accommodate such a disability, any accommodation of Plaintiff's alleged disability

16   would have imposed an undue hardship on Defendant.

17                  EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

18                    (Plaintiff Failed to Engage in Interactive Process)

19           18.    As a separate and affirmative defense, Defendant alleges that the Complaint and each

20   cause of action set forth therein is barred because, to the extent that the Court may find that Plaintiff

21   does have a disability that limits a major life activity and that Defendant had an obligation to

22   reasonably accommodate such a disability, Plaintiff failed to engage in the interactive process

23   reasonably and in good faith.

24                  NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

25                        (Workers' Compensation Preemption)

26           19.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint

27   and each cause of action alleged therein are barred, in whole or in part, because Plaintiff's claims are

28   preempted by the exclusive remedy provision of the California Workers' Compensation Act,

TLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Angeles, CA  90067-3107
310.553.0308

                                              5.

1   California Labor Code sections 3600 *et seq.*

2            **TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE**

3                        **(ERISA Preemption)**

4            20.      As a separate and distinct affirmative defense, insofar as Plaintiff asserts a claim

5   pertaining to benefits, such claim relates to a plan maintained by Defendant, that is an employee

6   welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974

7   ("ERISA"), 29 U.S.C. 1001, *et seq.* and therefore, is preempted by the ERISA.

8          **TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE**

9                        **(Failure To Mitigate)**

10           21.      As a separate and distinct affirmative defense, Defendant alleges on the belief that

11  further discovery may disclose facts supporting that any recovery to which Plaintiff might be entitled

12  (and Defendant does not admit that Plaintiff is entitled to any recovery) must be reduced due to

13  Plaintiff's failure and/or refusal to exercise reasonable diligence to mitigate his damages.

14         **TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE**

15                              **(Offset)**

16           22.      As a separate and distinct affirmative defense, Defendant alleges that any recovery to

17  which Plaintiff might otherwise allegedly be entitled must be offset by any benefits and/or other

18  monies and/or benefits that Plaintiff has received or will receive, whether through employment,

19  disability insurance, unemployment insurance, workers' compensation or otherwise.

20          **TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE**

21          **(Proximate Cause/Contribution to Emotional Distress)**

22           23.      As a separate and affirmative defense, Defendant alleges that if Plaintiff has suffered

23  any emotional distress (and Defendant denies that Plaintiff has suffered such distress), such

24  emotional distress was proximately caused by factors other than Plaintiff's employment, the actions

25  of Defendant, or anyone acting on its behalf, or either of these.

26         **TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE**

27            **(Emotional Distress Damages Unconstitutional)**

28           24.      As a separate and affirmative defense, Defendant alleges that California's system of

ITLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

1    emotional distress damages is unconstitutional under *State Farm Mut. Auto. Ins. Co. v. Campbell*,

2    538 U.S. 408, 123 S. Ct. 1513 (2003), and the United States and/or California Constitutions.

3                    **TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE**

4                            **(Punitive Damages Unconstitutional)**

5           25.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not

6    entitled to recover any punitive damages because the imposition of such damages constitutes a

7    violation of Defendant's rights under the United States and/or California Constitutions.

8                    **TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**

9                        **(Punitive Damages As Denial Of Due Process)**

10          26.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not

11   entitled to recover any punitive damages because the provisions of California law allowing for the

12   award of punitive damage and the substantive rules, procedures and standards for determining

13   whether or not to award them and, if so, in what amount, violate Defendant's rights to due process

14   and/or equal protection under the law, under the United States and/or California Constitutions.

15                         **ADDITIONAL AFFIRMATIVE DEFENSES**

16          Defendant alleges that the Complaint does not describe the claims or facts alleged by

17   Plaintiff with sufficient particularity to permit Defendant to ascertain what other defenses may exist.

18   Defendant will rely on any and all further defenses that become available or appear during discovery

19   in this action and specifically reserve the right to amend this Answer for the purposes of asserting

20   such additional defenses.

21   / / /

22   / / /

23   / / /

24

25

26

27

28

ITLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

## PRAYER

WHEREFORE, Defendant prays that:

1.     The Complaint be dismissed in its entirety with prejudice;

2.     The entire lawsuit be compelled to arbitration;

3.     Plaintiff take nothing by way of his Complaint;

4.     Defendant be awarded judgment in its favor and against Plaintiff;

5.     Defendant recover its costs of suit and attorneys' fees incurred herein; and

6.     The Court grant Defendant such other and further relief as it deems just and proper.

Dated: September 5, 2012

SCOTT M. LIDMAN
MAGGY M. ATHANASIOUS
LITTLER MENDELSON, P.C.
Attorneys for Defendant
LUXOTTICA RETAIL NORTH AMERICA INC.

Firmwide:114176633.1 052266.1000

ITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA. 90067.3107
310.553.0308

8.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. On September 5, 2012, I served the within document(s):

DEFENDANT LUXOTTICA RETAIL NORTH AMERICA INC.'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR
DAMAGES

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 310.553.5583. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

Jay S. Rothman, Esq.
Jay S. Rothman & Associates
21900 Burbank Blvd., Ste. 210
Woodland Hills, CA 91367
Phone: 818.986.7870
Fax: 818.990.3019

I am readily familiar with the firm's practice of collection and processing

ITLER MENDELSON, P.C
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

PROOF OF SERVICE

1    correspondence for mailing and for shipping via overnight delivery service.  Under that practice it

2    would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

3    deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

4    thereon fully prepaid in the ordinary course of business.

5            I declare under penalty of perjury under the laws of the State of California that the

6    above is true and correct.  Executed on September 5, 2012, at Los Angeles, California.

7

8

9                                                    Maria Lozano

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ITLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA  90067.3107
310.553.0308

Firmwide:114210409.1 052266.1000

2.

PROOF OF SERVICE